UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

**1:25-cv-1867**
**Jane M. Beckering**
United States District Judge

SARAH M. ROBINSON,

     Plaintiff,

     v.

Civil Action No.
Hon.

**FILED - KZ**
December 22, 2025 12:41 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_mg_  Scanned by /MH 12/23/25

MATTAWAN CONSOLIDATED SCHOOL
DISTRICT;
RANDALL FLEENOR, in his official and
individual capacity;
JASON LARNER, in his official and
individual capacity;

     Defendants.

---

**COMPLAINT AND JURY DEMAND**

INTRODUCTION

1. This is a civil rights and employment discrimination action arising from Plaintiff's termination as a school bus driver for Mattawan Consolidated School District after she engaged in peaceful, voluntary, non-coercive religious expression.

2. Plaintiff was not terminated for misconduct, safety violations, or poor performance.

3. Plaintiff was terminated because her religious speech, while other employees engaged in secular expression without discipline.

4. Defendants Mattawan Consolidated School District is a public school district and therefore a state actor bound by the First and Fourteenth Amendments, Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act.

5. Randall Fleenor is the Superintendent of Mattawan Consolidated School District.

6. Jason Larner is the Assistant Superintendent of Mattawan Consolidated School District.

7. Defendants' actions constituted religious discrimination, retaliation, failure to accommodate, viewpoint discrimination, selective enforcement, denial of due process, and reputational harm.

### JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, Title VII (42 U.S.C. §2000e), and 42 U.S.C. §1983.

9. This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. §1367.

10. Venue is proper in this District under 28 U.S.C. §1391 because Defendants operates in Van Buren County, Michigan, and all relevant events occurred here.

### PARTIES

11. Plaintiff Sarah M. Robinson is a resident of Mattawan, Michigan and a former school bus driver for Defendant.

12. Defendant Mattawan Consolidated School District is a public school district organized under Michigan law and an employer within the meaning of Title VII and ELCRA.

13. Randall Fleenor is the Superintendent of Mattawan Consolidated School District.

14. Jason Larner is the Assistant Superintendent of Mattawan Consolidated School District.

### FACTUAL ALLEGATIONS

15. Plaintiff incorporates the previous paragraphs as if contained herein.

16. Plaintiff worked as a school bus driver transporting approximately 65 students daily.

17. She maintained a clean safety and disciplinary record.

18. Plaintiff worked with children for over 25 years and was trusted by students, families, and coworkers.

19. During the 2024–2025 school year, Plaintiff distributed small holiday candy bags on a few occasions (Halloween, Christmas, Easter).

20. Some bags contained brief Christian messages, other bags did not.

21. Participation was always voluntary and students could choose to take an alternative bag containing no religious message or a Jewish themed bag for her Jewish student.

22. Students were expressly told they could decline.

23. Plaintiff did not pressure, coerce, or require participation.

24. No instructional time was disrupted.

25. Plaintiff accommodated other beliefs, including preparing non-religious alternatives and purchasing a dreidel-themed gift for a Jewish student.

26. In November 2024, Plaintiff's supervisor told her she could continue distributing items so long as participation was optional and disclosed.

27. In January 2025, Superintendent Fleenor reversed that guidance, stating Plaintiff could not reference Jesus at all, even if voluntary.

28. Plaintiff was told she was "breaking federal law," though no such law was identified.

29. Other employees distributed holiday items or shared other materials without discipline.

30. On Good Friday 2025, students voluntarily distributed Easter candy bags to one another after exiting the bus and on public ground.

31. Days later, Plaintiff was told she must resign or be fired.

32. Plaintiff asked whether stopping future distributions would allow her to keep her job.

33. Assistant Superintendent Larner stated no, explaining Plaintiff "could not be trusted" not to speak about Jesus again.

34. Before terminating Plaintiff, Defendants conducted an extended week-long investigative process, during which Plaintiff was repeatedly questioned, scrutinized, and treated as if she had committed intentional wrongdoing. Throughout this period, the District had access to complete bus camera footage, audio, office recordings, and security tapes that would have shown:

    a.  Plaintiff never forced or pressured students;

    b.  Students had a voluntary choice;

    c.  Items were handed out respectfully & briefly;

    d.  Distribution took place on public ground;

    e.  Parents were present and many thanked Plaintiff; and,

    f.  A student, not Plaintiff, physically handed out candy on the elementary route.

35. Despite this objective evidence being available, the District never reviewed the video, never offered Plaintiff the chance to present it, and never used it to verify

truth before choosing termination.    The refusal to examine existing footage demonstrates:

    a.  Pre-determination of outcome;

    b.  Desire to punish religious speech regardless of facts;

    c.  Lack of good-faith investigation; and,

    d.  Violation of fair procedure.

36. Plaintiff was terminated on April 28, 2025.

37. Defendants reported Plaintiff for "misconduct" to the Michigan Unemployment Insurance Agency.

38. After appeal, the Agency reversed the denial and granted benefits, finding Defendants could not substantiate misconduct.

39. Defendants informed parents only that Plaintiff was "terminated effective immediately," without explanation.

40. In a small community and in a position involving children, this omission caused widespread speculation and reputational damage.

41. Other similarly situated employees engaged in non-religious holiday expression without discipline.

42. Plaintiff was the only employee disciplined and terminated for religious expression.

## CLAIMS FOR RELIEF

### COUNT I – Religious Discrimination (Title VII)

43. Plaintiff incorporates the previous paragraphs as if contained herein.

44. Defendants terminated Plaintiff because of her religion in violation of 42 U.S.C. §2000e-2(a).

45. Plaintiff held sincere Christian beliefs, openly lived them, and those beliefs motivated protected expression.

46. Defendants terminated Plaintiff solely because of her religious speech; those who engaged in other forms of speech were not disciplined.

47. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

<u>COUNT II – Retaliation (Title VII)</u>

48. Plaintiff incorporates the previous paragraphs as if contained herein.

49. Plaintiff engaged in protected activity — living her faith, speaking about Jesus, sharing optional candy bags.

50. Defendants retaliated by:

        a. Investigating her like a criminal;

        b. Interrogating & belittling faith;

        c. Forcing silence;

        d. Demanding she resign; and,

        e. Terminating her for religious expression.

51. The Superintendent told her she could not remain employed even if she complied moving forward — therefore termination was punishment for past faith expression.

52. Plaintiff was similarly situated to other drivers who passed out secular items, decorated buses, and distributed gifts —none were disciplined.

53. Defendants treated Plaintiff differently because of her religious speech.

54. Defendants violated Title VII by firing Plaintiff because of her religion, by prohibiting her expression yet allowing other material and expressions from others.

6

55. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

<u>COUNT III – Failure to Accommodate (Title VII)</u>

56. Plaintiff incorporates the previous paragraphs as if contained herein.

57. Defendants refused to engage in an interactive process and instead terminated Plaintiff.

58. Plaintiff requested a basic religious accommodation — ability to express faith respectfully and offer voluntary participation.

59. Defendants denied accommodation.

60. Defendants instead said she must go stand alone outside the school on her own time to hand out candy, which was demeaning and impossible for an on-shift driver.

61. Defendants punished rather than accommodated.

62. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

<u>COUNT IV – Religious Discrimination (ELCRA)</u>

63. Plaintiff incorporates the previous paragraphs as if contained herein.

64. ELCRA prohibits discrimination based on religion in employment.

65. Defendants treated religious expression as misconduct — despite an unemployment ruling finding no misconduct.

66. District policy claims it "does not discriminate on the basis of religion" — yet it did, openly and repeatedly.

67. Defendants violated MCL §37.2101 et seq.

68. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

### COUNT V – Free Exercise (42 U.S.C. §1983)

69. Plaintiff incorporates the previous paragraphs as if contained herein.

70. Defendants penalized Plaintiff for religious exercise without neutrality or compelling justification.

71. Defendants is a governmental entity and its Superintendent and Assistant Superintendent are bound by the First Amendment.

72. Plaintiff was forced to choose between employment and obedience to God — a constitutional violation.

73. Suppression of Christian speech alone is unconstitutional viewpoint discrimination.

74. Defendants did not neutrally apply rules; other expressions & secular handouts were permitted.

75. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

### COUNT VI – Free Speech / Viewpoint Discrimination (§1983)

76. Plaintiff incorporates the previous paragraphs as if contained herein.

77. Plaintiff was punished because of the religious content of her speech.

78. Defendants is a governmental entity and its senior employees bound by the First Amendment.

79. Plaintiff was forced to choose between employment and obedience to God — a constitutional violation.

80. Suppression of Christian speech alone is unconstitutional viewpoint discrimination.

8

81. Defendants did not neutrally apply rules; other expressions and secular handouts were permitted.

82. Plaintiff spoke as a private citizen on matters of faith — a speech category with the highest protection.

83. Candy was optional and distributed when students were getting off the bus.

84. Government may not fire an employee solely because "speech is about Jesus."

85. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

<u>COUNT VII – Equal Protection (§1983)</u>

86. Plaintiff incorporates the previous paragraphs as if contained herein.

87. Defendants selectively enforced rules against Plaintiff based on religious viewpoint.

88. Defendants treated Plaintiff differently than comparators such as bus drivers who distributed secular holiday items with no discipline.

89. Only Plaintiff, whose distribution pointed to Jesus as Savior, was singled out and fired.

90. Plaintiff's discipline was unequal enforcement based on religious viewpoint.

91. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

<u>COUNT VIII – Due Process (§1983)</u>

92. Plaintiff incorporates the previous paragraphs as if contained herein.

93. Defendants denied Plaintiff a hearing and terminated her without fair process.

94. Plaintiff was entitled to impartial review.  Instead — immediate termination.

95. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

COUNT IX – Defamation

96. Plaintiff incorporates the previous paragraphs as if contained herein.

97. Defendants' silence regarding the reason for termination implied misconduct involving children, damaging Plaintiff's reputation.

98. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

99. Defendants fired Plaintiff without public explanation, causing co-workers, parents, and community to assume she harmed children.

100.    Rumors circulated — even employees repeated false claims because the district left ambiguity.

101.    In a small community, silence = stain.

102.    Her reputation with children, parents, and co-workers was damaged.

103.    A 25-year career with children now carries suspicion solely due to vague firing language — reputational injury.

COUNT X – Wrongful Termination in Violation of Public Policy

104.    Plaintiff incorporates the previous paragraphs as if contained herein.

105.    Plaintiff was terminated for exercising constitutional and statutory rights.

106.    Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm, and harm to her minor child.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests:

10

a. A declaratory judgment upholding Plaintiff's religious rights;

b. An injunction preventing Defendants from violating the Constitution, State, and federal law, and ordering Plaintiff's reinstatement;

c. Compensatory damages;

d. Punitive damages;

e. Exemplary damages;

f. Back pay from the date of her termination;

g. Front pay in lieu of reinstatement, if reinstatement is found to be unwise, unworkable, or unwarranted;

h. Expungement of misconduct allegations;

i. Injunctive relief and policy reform;

j. Attorney's fees and costs;

k. Jury trial; and,

l. Any further relief the Court deems just.

Dated:                                      Respectfully submitted,

Sarah M. Robinson
Plaintiff, Pro Se
Mattawan, Michigan
57951 Western St. Apt. F2B
Mattawan MI 49071

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SARAH M. ROBINSON,

     Plaintiff,

    v.

MATTAWAN CONSOLIDATED SCHOOL
DISTRICT;
RANDALL FLEENOR, in his official and
individual capacity;
JASON LARNER, in his official and
individual capacity;

     Defendants.

Civil Action No.
Hon.

**JURY DEMAND**

Plaintiff demands trial by jury pursuant to FRCP 38.

Dated:                                        Respectfully submitted,

                                              Sarah M. Robinson
                                              Plaintiff, Pro Se
                                              Mattawan, Michigan

12