IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SARAH M. ROBINSON,

Plaintiff, a Michigan Resident

CASE NO. 25-01867

HON. Brock A. Swartzle

--VS--

MATTAWAN CONSOLIDATED SCHOOL DISTRICT;

Defendant,

and

RANDALL FLEENOR,

In his official and individual capacity,

______________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PACIFIC JUSTICE INSTITUTE**
By: Dave Peters, Staff Attorney (P48648)
Attorney for Plaintiff
PO Box 51787
Livonia, Michigan 48141-1787
Email: dpeters@pji.org
Phone: (734) 732 – 4050/ (916) 857 -6900
______________________________________/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### 1. PARTIES

1. Plaintiff SARAH ROBINSON (PLAINTIFF) is resident of the State of Michigan, and a school bus driver for MATTAWAN CONSOLIDATED SCHOOL DISTRICT with several years of service, experience, and a solid performance record.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

2. Defendant MATTAWAN CONSOLIDATED SCHOOL DISTRICT is a public school district in the State of Michigan that receives federal funds and is a state actor, bound by the First and Fourteenth Amendments, Title VII of the Civil Rights Act of 1964, and the Michigan Elliot-Larsen Civil Rights Act that is organized under Michigan law and is an "employer" within the meaning of United States law, the United States Constitution, the Michigan Constitution, Title VII, and ELCRA.

3. Defendant RANDALL FLEENOR is the Superintendent of Mattawan Consolidated School District.

4. JAY LARNER is the Assistant Superintendent of Mattawan Consolidated School District who signed Plaintiff's termination letter.

## 2. JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C § 1331 and 1343, Title VII (42 U.S.C. § 2000e), and 42 U.S.C. § 1983.

6. This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants domicile, operations, and all causes of action arose in MATTAWAN SCHOOL DISTRICT within the county of Van Buren Michigan, within the jurisdiction and venue of the Federal District Court for the Western District of Michigan.

## 3. LEGAL CLAIMS

8. Plaintiff SARAH ROBINSON, a school bus driver, was terminated from her employment with MATTAWAN CONSOLIDATED SCHOOL DISTRICT because she engaged in nonverbal, noncoercive religious expression outside the normal course of her duties.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

9. This action is for damages, declaratory and injunctive relief to vindicate her constitutional and civil rights to engage in private religious expression.

10. The MATTAWAN CONSOLIDATED SCHOOL DISTRICT violated those rights when it took adverse employment action against PLAINTIFF because of that expression.

11. The district infringed PLAINTIFF's rights under the Free Exercise Clause of the First Amendment by failing to act pursuant to a neutral and generally applicable rule by:

a. Infringing her rights under the Free Speech Clause because her speech was private, not government, speech,

b. the actions she took were not ordinarily within the scope of her duties as a bus driver, and the district will not be able to show that its actions were essential to avoid violation of the Establishment Clause and

c. There is no evidence that students were coerced to participate in the religious exercise (c.f. *Kennedy v Bremerton Sch Dest*, 597 US 507; 142 S Ct 2407; 213 L Ed 2d 755 (2022)).

12. It is not an Establishment Clause violation on the part of persons such as the PLAINTIFF whenever a public school or other governmental entity fails to censor private religious speech.

## FACTUAL CLAIMS

13. This is a civil rights and employment discrimination action arising from Plaintiff's termination as a school bus driver for Mattawan Consolidated School District after she engaged in peaceful, voluntary, non-coercive religious expression.

14. The Plaintiff was not terminated for misconduct, safety violations, or poor performance.

15. The Plaintiff was terminated because she engaged in protected religious speech and actions, while other employees engaged in similar secular expressions without discipline.

16. SARAH ROBINSON ("**PLAINTIFF**") worked as a school bus driver for the Defendant MATTAWAN CONSOLIDATED SCHOOL DISTRICT **("MATTAWAN"** or **DEFENDANT**) from August 1, 2024 to April 28, 2025 (**EXHIBIT 1: CONTRACT OF EMPLOYMENT BETWEEN PLAINTIFF AND MATTAWAN).**

17. This case is about the right of PLAINTIFF, a bus driver, to hand out a piece of candy to children for religious Holidays that contained a short, religious Holiday themed message when bus drivers and other employees of MATTAWAN were permitted to hand out candy containing nonreligious themed messages during the Holidays.

18. This case is also about the right of children to hand out candy to other students during religious Holidays on their own volition, without penalty to them or to their government employed parents, particularly when other children were permitted to hand out candy during nonreligious and religious Holidays.

19. Finally, this case is about the employment liability and risk that parents incur due to legal, noncriminal actions of their children.

20. PLAINTIFF'S practice of handing out candy to children during religious holidays on her school bus does not violate any of MATTAWAN's policies and had been done for several years without incident (**EXHIBIT 2: NONDISCRIMINATION AND EQUAL PROTECTION RULES FOR EMPLOYEES OF MATTAWAN); EXHIBIT 3: MATTAWAN SCHOOLS STAFF DISCIPLINE RULES**).

21. PLAINTIFF'S practice of handing out candy to children with a holiday themed or religious message is a religious exercise.

22. The custom and direct statements of supervisors of MATTAWAN SCHOOL DISTRICT had informed bus drivers that they had significant autonomy in the manner in which the operated their

busses and took care of their charges and in fact said effectively that ‘each bus is their “own nation” and that the bus drivers are in charge’ of their bus with authority to decorate the bus in a holiday theme, hand out candy for holidays to children, and other similar statements of permission (**EXHIBIT 4: MATTAWAN RULES FOR BUS DRIVERS**).

23. In November 2024, Plaintiff’s supervisor gave express verbal permission to continue distributing candy bags with a religious message enclosed so long as participation was optional and disclosed.

24. Plaintiff distributed the candy in as innocuous a manner as possible by leaving separate piles of candy at the exit to the bus and children were given a choice whether to choose a bag that contained a short holiday message or a bag that did not contain a short holiday message[1] and students were not coerced into participating or choosing in any way.

25. Some children chose not to pick any candy; some chose to pick from the pile with a religious message, and some chose to pick from the pile without a religious message.

26. In January 2025, Superintendent and Defendant FLEENOR reversed the guidance Plaintiff had been given stating Plaintiff could not reference Jesus at all, even if it should come up naturally or voluntarily.

27. Prior to her termination on April 28, 2025, on or about early January, 2025, following a Christmas meeting, SCOTT HITCHCOCK Plaintiffs supervisor and Director of Transportation at MATTAWAN SCHOOL DISTRICT did inform the Plaintiff that there had been a complaint by the parents of one of her bus students that their Jewish child had received a Christian themed message in his candy, and that she would have to stop handing out candy for Easter and Christmas.”

[1] Specifically, the candy with the holiday themed message contained a popular children’s story (the “Legend of the Christmas Candy Cane”) that arguably is both accurate and historically correct in attributing the “J” shape of the candy cane to the letter “J” and the name of Jesus, in Christian tradition. At other times she had distributed similar messages to the children with more religious value and less historical value such as “God Loves You.”

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

28. PLAINTIFF was informed by Defendant FLEENOR that because these were religious Holidays that she was ‘violating the Constitution, presumably by making Christianity the State religion of MATTAWAN SCHOOL DISTRICT because she gave a piece of candy to a child with an innocuous message inside.

29. Plaintiff SARAH ROBINSON, following the directions from Defendant FLEENOR did terminate her practice of handing out candy to children.

30. PLAINTIFF's daughter and a friend (who also rode PLAINTIFF's bus) on their own volition without the PLAINTIFF suggesting it then offered to hand out the bags of candy to the other children over Easter to avoid any hint of coercion and to comply with the instructions of PLAINTIFF's supervisor.

31. Despite the fact that PLAINTIFF obeyed her supervisor and did not hand out candy to children after being instructed not to do so, MATTAWAN immediately terminated the employment of Plaintiff in violation of MATTAWAN's published termination policies after her child handed out the candy (**EXHIBIT 3)** including but not limited to: :

a. PLAINTIFF was not given a fair investigation
b. The required witnesses were not interviewed or assessed.
b. PLAINTIFF was not provided with written notice of the issue being investigated.
c. PLAINTIFF asked the investigators to review video of the entire incident which was available and the investigators declined to look at any video of the incident.
d. PLAINTIFFF was not given prior notice of the meeting in which she was terminated.
e. PLAINTIFF was not provided with Union representation.
f. The meeting in which PLAINTIFFF was terminated proceeded without the PLAINTIFF being provided representation from her union.
g. The meeting in which the PLAINTIFF was terminated proceeded without the PLAINTIFF being afforded a "substitute representative."

32. Plaintiff had not been told that her child could not hand out the candy and in fact other children had handed out candy on that day and others.

33. The instructions to Plaintiff not to hand out the candy violated her rights under Michigan law, federal law, and both Constitutions when others were permitted to hand out candy for non-religious Holidays and engage in similar secular conduct while religious expression was prohibited.

34. Plaintiff was permitted by the law and Constitutions to let her child hand out candy or even instruct her child to hand out the candy which she did not do, even if she was not permitted to do so because of lawful instructions from her employer.

35. The instructions given to Plaintiff not to hand out candy were unlawful.

36. Plaintiff was even told by management that she was "breaking federal law," presumably by establishing Christianity as the State religion of MATTAWAN SCHOOL DISTRICT as no such law was ever identified.

37. Other employees regularly distributed holiday items or shared other secular materials without discipline.

38. On Good Friday 2025, following the instructions that PLAINTIFF could not distribute the candy, Plaintiff permitted her daughter, who rides the bus, to distribute the Easter bags instead of having them at the exit to the bus when students exited.

39. A few days later, much to the surprise and dismay of PLAINTIFF she was told her actions required that she must resign or be fired.

40. PLAINTIFF asked for multiple accommodations including whether she could keep her job if she stopped handing out candy and made the candy unavailable entirely.

41. In a shocking development, RANDY FLEENOR, the Superintendent of Mattawan Public Schools stated that this was not an option because **Plaintiff "could not be trusted not to speak about Jesus again."**

42. Before terminating Plaintiff, Defendants conducted an extended week-long investigation process, during which Plaintiff was repeatedly questioned, scrutinized, and treated as if she had committed intentional wrongdoing.

43. Throughout this investigation period, the district had access to complete bus camera footage, audio, office recordings, and security tapes that would have shown:

a. Plaintiff never forced or pressured students;

b. Students had a voluntary choice;

c. Items were handed out respectfully.

d. Distributions took place on public ground and at the end of the bus drive when the bus driver's duties were already concluded;

e. Parents were present and many thanked Plaintiff, and,

f. A student, not Plaintiff, physically handed out the candy which was the direct and proximate cause of Plaintiff's termination.

44. Despite this objective evidence being available, the District never reviewed the video, Never offered Plaintiff the chance to present it, and never used it to verify truth before Choosing termination. The refusal to examine existing footage demonstrates:

a. Pre-determination of outcome;

b. Desire to punish religious speech regardless of facts;

c. Lack of good-faith investigation; and

d. Violation of fair procedure.

45. Plaintiff was terminated on April 28, 2025.

46. Plaintiff was terminated for engaging in lawfully permitted behavior and her discharge constitutes wrongful conduct on the part of MATTAWAN.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

47. Defendants’ actions constituted religious discrimination, retaliation, due process violations, and failure to accommodate under Title VII, the Elliot Larsen Civil Rights Act (ELCRA), the 1st and 14th Amendment to the United States Constitution, and Article 4 of the Michigan Constitution.

48. After being told she was violating the Constitution (by establishing a State religion in MATTAWAN SCHOOL DISTRICT) the Plaintiff stopped providing the children the candy bags herself, not wishing to coerce or pressure any child who did not wish to participate.

49. Before the instruction to stop providing the candy, the Plaintiff was fully aware of the issue of coercion and made sure that participation was always voluntary; for example she announced that the children could take a bag of candy, that they could choose from a bag with a message in it or one that did not have a message in it and further she did not personally hand the students the bags of candy, because she desired to ensure that students could voluntarily choose among multiple alternatives such as a religious themed message in the candy, or candy without a religious themed message, or no candy at all.

50. Before the instruction to stop handing out the candy, the Plaintiff directly informed students they could decline, and the Plaintiff did not pressure, coerce, or require participation and some students did decline; once a student even handed back the candy with the religious message to PLAINTIFF saying she did not like it and asked for a bag that did not contain the message and PLAINTIFF smiled and told her that was her choice and thank you for being respectful as the child selected a bag from the other pile.

51. Plaintiff attempted to accommodate and respect her Jewish student’s religious beliefs by preparing an alternative and purchasing a dreidel-themed gift for him which she quietly provided so the student would not be treated differently by the other students or experience any negative outcomes from the interaction.

52. At all times, Plaintiff made the candy available after the bus had stopped as the students were exiting and since they were already at the destination, after the bus stopped, there was no "bus time" interrupted by the actions of Plaintiff.

53. While we could not locate prior case law that mentions "bus time" Plaintiff believes this would be analogous to the "instructional time" mentioned in several similar cases involving teachers and a coach when deciding whether an expression of speech or religion occurred during the course of the Plaintiff's normal duties.

54. Since the bus driver's religious expression occurred after the bus stopped, this would not detract from "instructional time" and would be no different than teachers engaging in political expression during school hours which are commonly permitted on the teachers own time, so long as it does not interfere with instructional time and so long as school resources are not utilized (c.f. *Tinker v Des Moines Inder Community*, 393 US 503; 89 S Ct 733; 21 L Ed 2d 731 (1969) and its progeny).

55. Plaintiff did not engage in activity that interfered with instructional time, utilize school resources, speak on behalf of MATTAWAN SCHOOL DISTRICT, or coerce the students to participate.

56. Teachers and other public employees retain their First Amendment rights to engage in political activities during their off-duty time, provided they do not use district resources or appear to speak on behalf of their employer (Id).

57. Defendants reported Plaintiff for "misconduct" to the Michigan Unemployment Insurance Agency but the Agency reversed the denial and granted benefits, finding Defendants could not substantiate misconduct.

58. Defendants informed parents only that Plaintiff was "terminated effective immediately,"

without explanation causing significant distress, social ostracization from this small community and various economic and noneconomic harms, widespread speculation and reputational damage.

## CLAIMS FOR RELIEF

## COUNT 1 – FIRST AMENDMENT, FREE EXERCISE OF RELIGION (42 U.S.C. § 1983)

59. Plaintiff incorporates the previous paragraphs as if contained herein.

60. Pursuant to 42 USCA 1983, PLAINTIFF brought suit against the Defendants for acting under color of State and federal law to deprive her of rights secured by the United States Constitution and the right to not have adverse employment action taken against her by virtue of her having exercised those rights.

61. PLAINTIFF holds sincere Christian beliefs, openly lived them, and those beliefs, and her status as a person who holds such beliefs in part motivated MATTAWAN'S termination of Plaintiff because of her status and her religious speech as those who engaged in other forms of speech, including political speech, were not disciplined or censored.

62. Plaintiff suffered lost wages, future earnings and noneconomic damages and is entitled to injunctive relief.

63. PLAINTIFF'S private religious expression is fully protected by the First Amendment which prohibits the government from "abridging the freedom of speech."

64. MATTAWAN'S enforcement of its policy in singling out the PLAINTIFF and prohibiting her and only her from engaging in private speech when similar private, demonstrative non-religious expressions were allowed constitutes disparate treatment under Title VII, Elliot Larsen, and both the Michigan and federal constitutions.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

65. MATTAWAN's decision to enforce a policy banning private, demonstrative religious expression and speech by PLAINTIFF and not other similarly situated employees who also engaged in private, demonstrative religious expression constitutes disparate treatment under Title VII and ELCRA.

66. MATTWAN directly discriminated against PLAINTIFF on the basis of her religion pursuant to 42 USC ¶2000e-2(a) and her status as a Christian.

67. MATTAWAN would not have engaged in negative employment actions but-for the Plaintiff's protected status, beliefs, and religious expression.

68. MATTAWAN has engaged in unconstitutional viewpoint discrimination against the PLAINTIFF.

69. Defendants penalized Plaintiff for religious exercise without neutrality or compelling justification.

70. Defendants are a governmental entity and their Superintendent and Assistant superintendents are bound by the First Amendment and other applicable State and federal laws.

71. Plaintiff was forced to choose between employment and obedience to God which is a clear constitutional violation.

72. Suppression of Christian speech alone is unconstitutional viewpoint discrimination.

73. Defendants did not neutrally apply rules as other expressions & secular handouts were permitted.

74. Plaintiff suffered lost wages, future earning loss, emotional distress, and reputational harm, and harm to her minor child.

75. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

**COUNT II – FIRST AMENDMENT, FREE SPEECH/VIEWPOINT DISCRIMINATION PURSUANT TO (42 USCA §1983)**

76. Plaintiff incorporates the previous paragraphs as if contained herein.

77. Pursuant to 42 USCA 1983, PLAINTIFF brought suit against the Defendants for acting under color of State and federal law to deprive her of rights secured by the United States Constitution and the right to not have adverse employment action taken against her by virtue of her having exercised those rights.

78. PLAINTIFF holds sincere Christian beliefs, openly lived them, and those beliefs motivated MATTAWAN'S termination of Plaintiff solely because of her religious speech as those who engaged in other forms of speech, including political speech, were not disciplined or censored.

79. Plaintiff suffered lost wages, future earnings and noneconomic damages.

80. PLAINTIFF'S private religious expression is fully protected by the First Amendment which prohibits the government from "abridging the freedom of speech."

81. MATTAWAN'S enforcement of its policy in singling out the PLAINTIFF and prohibiting her and only her from engaging in private speech when similar private, demonstrative non-religious expressions were allowed constitutes disparate treatment under Title VII, Elliot Larsen, and both the Michigan and federal constitutions.

82. MATTAWAN's decision to enforce a policy banning private, demonstrative religious expression and speech by PLAINTIFF and not other similarly situated employees who also engaged in private, demonstrative religious expression constitutes disparate treatment under Title VII.

83. MATTWAN directly discriminated against PLAINTIFF on the basis of her religion pursuant to 42 USC ¶2000e-2(a), ELCRA, and her status as a Christian under the laws and Constitution of Michigan and the United States.

84. MATTAWAN would not have engaged in negative employment actions but-for the Plaintiff's protected status, beliefs, and religious expression.

85. MATTAWAN has engaged in unconstitutional viewpoint discrimination against the PLAINTIFF.

86. The Plaintiff was punished because of the religious content of her speech.

87. Defendants is a governmental entity and its senior employees are bound by the First amendment.

88. Plaintiff was forced to choose between employment and obedience to God – a constitutional violation.

89. Suppression of Christian speech alone is unconstitutional viewpoint discrimination.

90. Defendants did not neutrally apply rules; other expressions and secular handouts were permitted.

91. Plaintiffs' nonverbal speech and religious expression occurred after the bus had stopped when the bus driver was a private citizen who was permitted to engage in speech on matters of faith.

92. Participation by students in the religious exercise of handing out candy with a religious or holiday themed message was optional and distributed when students were getting off the bus.

93. The government may not fire an employee solely because her "speech is about Jesus."

94. Plaintiff suffered lost wages, future earning loss, emotional distress, reputation harm and harm to her minor child.

**COUNT III – EQUAL PROTECTION. 14th AMENDMENT (§ 1983)**

95. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

96. Plaintiff incorporates the previous paragraphs as if contained herein.

97. Defendants selectively enforced rules against Plaintiff based on religious viewpoint.

98. Defendants treated Plaintiff differently than comparators such as bus drivers who distributed secular holiday items with no discipline.

99. Only Plaintiff, whose distribution pointed to the historical Jesus, was singled out and Terminated from her employment solely due to the religious emanations from the history she was showing the children.

100. Plaintiff's discipline and the restrictions placed upon her constitute unequal enforcement of speech and speech with a religious viewpoint in violation of the Equal Protection clause in the 14th Amendment to the United States Constitution and ELCRA.

101. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational Harm and harm to her minor child.

**COUNT IV – RELIGIOUS DISCRIMINATION AGAINST PROTECTED CHARACTERISTICS AS A MOTIVATING FACTOR**

102. PLAINTIFF incorporates by reference all the preceding paragraphs.

103. Pursuant to 42 USCA 1983, PLAINTIFF brought suit against the Defendants for acting under color of State and federal law to deprive her of rights secured by the United States Constitution and the right to not have adverse employment action taken against her by virtue of her having exercised those rights.

104. MATTAWAN's decision to enforce a policy targeting an individual because she identified as Christian and expressed Christian beliefs, and banning private, demonstrative religious expression and speech by PLAINTIFF but not other similarly situated employees who also engaged in private, demonstrative religious expression constitutes disparate treatment under Title VII.

105. MATTWAN directly discriminated against PLAINTIFF on the basis of her religion and religious identification pursuant to 42 USC ¶2000e-2(a).

106. PLAINTIFFS protected religious status as a Christian, and her protected religious expression was a motivating factor behind MATTAWAN'S decision to treat PLAINTIFF differently, and to take adverse employment action against her.

107. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

**<u>COUNT V – FAILURE TO ACCOMMODATE UNDER TITLE VII AND ELLIOT LARSEN</u>**

PLAINTIFF incorporates by reference all the preceding paragraphs.

108. Pursuant to 42 USCA 1983, PLAINTIFF brought suit against the Defendants for acting under color of State and federal law to deprive her of rights secured by the United States Constitution and

the right to not have adverse employment action taken against her by virtue of her having exercised those rights.

109. MATTAWAN's decision to enforce a policy targeting an individual because she identified as Christian and expressed Christian beliefs, and banning private, demonstrative religious expression and speech by PLAINTIFF but not other similarly situated employees who also engaged in private, demonstrative religious and nonreligious political expression constitutes disparate treatment under Title VII.

110. MATTAWAN's unequal enforcement of their policies created a disparate impact between Plaintiff and other employees of the Defendant because they impacted PLAINTIFF more than other similarly situated persons.

111. PLAINTIFF need not produce statistical evidence of bias to prove disparate impact against her because she was the only person affected by the inequitable rules and she was affected because of the exercise of her religious speech.

112. MATTAWAN failed to offer or even consider PLAINTIFF'S requests for reasonable accommodation that would have allowed her to exercise her sincerely held religious belief, engage in lawful speech, and avoid adverse employment actions as other similarly situated persons were permitted to do.

113. Defendants refused to engage in any interactive process and instead terminated Plaintiff.

114. Plaintiff requested basic religious accommodation, specifically the ability to express her faith respectfully.

115. Defendants denied PLAINTIFF any reasonable accommodation pursuant to ELCRA and/or TITLE VII but instead terminated her employment.

116. MATTAWAN's decision to refuse any reasonable accommodation to practice her sincerely held religious beliefs and engage in protected speech violates Title VII, 42 USCS 2000e (LexisNexis, Lexis Advance through Public Law 119-73, approved January 23, 2026, with a gap of Public Law 119-70) and the Elliot Larsen Civil Rights Act MCL 37.2101 (LexisNexis, Lexis Advance through Act 6 of the 2026 Regular Legislative Session)).

117. MATTAWAN's termination of the PLAINTIFF constitutes a denial of reasonable accommodation.

118. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

119. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm and harm to her minor child.

120. PLAINTIFF incorporates by reference all the preceding paragraphs.

**COUNT VI – RETALIATION UNDER TITLE VII and ELLIOT LARSEN**

121. Pursuant to 42 USCA 1983, PLAINTIFF brought suit against the Defendants for acting under color of State and federal law to deprive her of rights secured by the United States Constitution and the right to not have adverse employment action taken against her by virtue of her having exercised those rights.

122. MATTAWAN's decision to enforce a policy targeting an individual because she identified as Christian and expressed Christian beliefs, and banning private, demonstrative religious expression and speech by PLAINTIFF but not other similarly situated employees who also engaged in private, demonstrative religious expression constitutes retaliation under Title VII and Elliot Larsen.

123. MATTAWAN retaliated against the PLAINTIFF which is prohibited by Title VII and Elliot Larsen when it took adverse employment action and when it unlawfully ordered her to curtail her free speech and religious practice rights in part on the basis of her status as a Christian.

124. MATTAWAN retaliated against the PLAINTIFF which is prohibited by Title VII when it took adverse employment action and when it unlawfully ordered her to curtail her free speech and religious practice rights based on her exercise of permitted speech, and on the basis of her religious beliefs and exercise.

125. Defendants treated Plaintiff differently because of her religious speech.

126. Defendants violated Title VII by terminating Plaintiff because of her religion, and by prohibiting her expression of religion while allowing other material and expressions from others.

127. Plaintiff engaged in protected activity including the practice of her religion and the exercise of her free speech rights in order to live her faith and speak about Jesus when allowed.

128. Defendants retaliated by:

a. Investigating her like a criminal'

b. Interrogating & belittling faith;

c. Forcing silence;

d. Demanding she resign; and,

e. Terminating her for religious expression.

129. The Superintendent, DEFENDANT RANDALL FLEENOR told PLAINTIFF that she could not remain employed even if she complied moving forward because "**we can't trust you not to talk about Jesus.**"

130. PLAINTIFF's termination was therefore punishment for past speech and faith expressions.

131. Plaintiff was similarly situated to other drivers who passed out secular items, decorated

buses, and distributed gifts which were permitted, and no one was disciplined.

132. Plaintiff suffered lost wages, future earning loss, emotional distress, reputational harm, and harm to her minor child.

133. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

134. PLAINTIFF is entitled to a Judgement of damages and an injunction reinstating her as a Bus Driver for the MATTAWAN SCHOOLS DISTRICT along with her back pay, damages, and attorney fees.

**COUNT VII – RELIGIOUS DISCRIMINATION (ELCRA)**

135. Plaintiff incorporates the previous paragraphs as if contained herein.

136. The Elliot Larsen Civil Rights Act (ELCRA) prohibits discrimination based on religion in employment.

137. Defendants treated religious expression as misconduct when it was not misconduct and consistent with the MESC finding there was no misconduct.

138. While District policy claims it "does not discriminate on the basis of religion" (**EXHIBIT 2**) the statements of the supervisor that she was being fired because she could not be trusted not to talk about Jesus, and that there would be no accommodation for her religious expression shows the inequitable treatment afforded Christians who expressed their beliefs compared to others who expressed their beliefs and were not treated differently or worse.

139. Defendants violated MCL § 37.2101 et seq.

140. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational

harm and harm to her minor child.

**COUNT VIII – DUE PROCESS (§ 1983)**

141. Plaintiff incorporates the previous paragraphs as if contained herein.

142. Defendants denied Plaintiff a hearing and terminated her without fair process.

143. Plaintiff was entitled to impartial review, a fair procedure, and neutral and detached adjudicators but was instead given immediate termination.

144. There do not appear to be significant official policies at MATTAWAN that impact or explain the Plaintiff's rights but there are various publications and online materials sufficient to put together a written set of policies for MATTAWAN (c.f. **EXHIBITS 1-4**).

145. Plaintiff had a written contract with the Defendant which does not highlight or explain termination procedures or proceedings (**EXHIBIT 1**).

146. Under Michigan common law, the Plaintiff was entitled to rely on "reasonable" termination procedures consistent and compliant with State and federal law.

147. The Plaintiff's termination and prior treatment was unreasonable, violated the U.S. Constitution, violated the Michigan Constitution, violated Title VII under federal law and the Elliot Larsen Civil Rights Act under State law.

148. Due to the unreasonable and illegal treatment, Plaintiff suffered lost wages, future earnings loss, emotional distress, and reputational harm, and harm to her minor child.

**COUNT IX – WRONGFUL TERMINATION**

149. Plaintiff incorporates the previous paragraphs as if contained herein.

150. PLAINTIFF was terminated from her employment for exercising her constitutional and statutory rights, in violation of her contract of employment with the Defendant, and in violation of district employment rules published on the MATTAWAN school district web site.

151. PLAINTIFF was terminated wrongfully in violation inter alia of the Elliot Larsen Civil Rights Act, Title VII, Retaliation, Michigan case law, federal case law, and her contract of employment.

152. Plaintiff suffered lost wages, future earnings loss, emotional distress, reputational harm and harm to her minor child as a result of Defendants Constitutional, statutory, and contractual violations.

Wherefore, PLAINTIFF SARAH ROBINSON prays that this Honorable Court will grant her judgement in an amount to be determined and grant her injunctive relief that she be rehired by the DEFENDANT.

Respectfully Submitted,
PACIFIC JUSTICE INSTITUTE

By: s/ Dave Peters
David C. Peters II, JD, MS, PhD, Esq.
Licensed in Michigan (P48648)
Pacific Justice Institute Metro Detroit Office
PO Box 51787
Livonia, Michigan 48151-1787
Phone: (734) 743-5352
Cell: (734) 765-6212
Main Number: (916) 857-
emaill: dpeters@pji.org