UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SARAH M. ROBINSON,

              Plaintiff,

v

MATTAWAN CONSOLIDATED
SCHOOL DISTRICT and SUPT. RANDALL
FLEENOR,

              Defendants.

_____/

Judge Jane M. Beckering
Magistrate Judge Phillip J. Green
No. 25-1867

DAVID PETERS
PACIFIC JUSTICE INSTITUTE
PO Box 51787
Livonia, MI 48151
(734) 743-5352
dpeters@pji.org

KENNETH B. CHAPIE (P66148)
TRAVIS M. COMSTOCK (P72025)
KATHERINE E. ROSS (P81172)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
tcomstock@gmhlaw.com
kross@gmhlaw.com

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

Defendants MATTAWAN CONSOLIDATED SCHOOL DISTRICT ("the District") and SUPERINTENDENT RANDY FLEENOR, by and through their counsel, respectfully requests that the Court grant their motion to dismiss Plaintiff SARAH ROBINSON'S claims pursuant to Fed. R. Civ. P. 12(b), and in support states:

1.     Plaintiff alleges various federal constitutional and statutory claims in addition to state law claims pertaining to her termination from the District for repeatedly violating written Policies and directives prohibiting her from disseminating expressly religious messages containing candy to a captive audience of school-aged children as they boarded and exited her bus. It is

1

undisputed that Plaintiff disseminated the religious messages during her official duties while driving a District school bus.

2.      Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to state claims for relief and immunity.

3.      Plaintiff alleges four claims under Title VII and/or Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), which are found under Counts IV – VI of the Amended Complaint. (ECF No. 25, PageID.149-155).

4.      Counts IV – VI must be dismissed because Plaintiff fails to allege that she exhausted her administrative remedies. *Hayes v. Clariant Plastics & Coatings USA, Inc.,* 144 F.4th 850, 865 (6th Cir. 2025).

5.      Counts IV – VI also fail at the pleading stage:

   a. Counts IV (Title VII) and VI (ELCRA) allege religious discrimination. However, Plaintiff fails to sufficiently allege a *prima facie* case. *Haji v. Columbus City Schs.,* 621 Fed. App'x 309, 315 (6th Cir. 2015). Specifically, she fails to (1) identify any similar comparator or (2) describe what their "demonstrative religious expression" contained or exhibited. *Summer v. Detroit Pub. Schs. Cmty. Dist.*, 714 F. Supp. 3d 832, 850 (E.D. Mich. 2024), *aff'd*, No. 24-1729, 2026 WL 637407 (6th Cir. Mar. 6, 2026). In addition, the District had a legitimate reason to terminate her. She violated District Policy against proselytizing to school children during her official duties thereby putting the District at risk of violating the Establishment Clause. *Spratt v. Kent Cnty.*, 621 F. Supp. 594, 600 (W.D. Mich. 1985), *aff'd*, 810 F.2d 203 (6th Cir. 1986).

b.   Count V alleges that the District failed to accommodate her religious exercise. Here the context is a public-school employee admittedly handing out explicitly religious themed messages with candy to a captive audience of school aged children on a school bus. Courts have held that the risk of liability under the Establishment Clause demonstrates an undue burden in these circumstances. *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006).

c.   Count VI alleges retaliation under Title VII and ELCRA. Plaintiff cannot meet her *prima facie* burden because, as above, she fails to identify any similar comparator. *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343–44 (6th Cir. 2021). In addition, the District had a legitimate reason to terminate her since her actions put it at risk of violating the Establishment Clause. *Mial v. Foxhoven*, 305 F. Supp. 3d 984, 993 (N.D. Iowa 2018); *Spratt*, 621 F. Supp. at 600.

6.      Plaintiff's First Amendment constitutional claims under § 1983 also fail at the pleading stage because:

a.   The District is not vicariously liable for the actions of its employees and Plaintiff's allegations in Count I fail to identify any official that violated her rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 663 (1978); *Shively v. Green Loc. Sch. Dist. Bd. of Educ.*, 579 Fed. App'x 348, 352 (6th Cir. 2014). Further, Plaintiff's use of the word "policy" twice fails to sufficiently plead a claim under *Monell*. *Ely v. Dearborn Heights Sch. Dist. No. 7*, 150 F. Supp. 3d 842, 855 (E.D. Mich. 2015), *aff'd,* 655

Fed. App'x 495 (6th Cir. 2016).

b. Counts II and III similarly fail to identify a specific District employee, contrary to the pleading requirements, *Summer*, 714 F. Supp. 3d at 848, and thus the District is not liable, *Monell*, *supra*.

c. If Plaintiff is able to overcome these pleading deficiencies, Supt. Fleenor is entitled to qualified immunity. *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004). First, for Count II, "[t]he Establishment Clause prohibits public schools, and thus by extension their teachers, from attempting to indoctrinate students with any particular religion." *Cahall v. New Richmond Exempted Vill. Sch. Dist. Bd. of Educ.*, No. 1:24-CV-688, 2025 WL 2772519, at *12 (S.D. Ohio Sept. 29, 2025). See also *Arroyo-Castro v. Gasper*, 812 F. Supp. 3d 203, 227 (D. Conn. 2025). Therefore, Supt. Fleenor did not violate Plaintiff's First Amendment rights by permissibly restricting her speech to avoid a constitutional violation by the District. Even if there was a violation, it was not clearly established that his actions violated the First Amendment.

d. Similarly, for Count III, Plaintiff's "speech" is not protected because she spoke pursuant to her "official duties" as an employee of the District. *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006); *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 759 (6th Cir. 2022). In addition, under *Pickering*, the District's interest in avoiding an Establishment Clause violation outweighs Plaintiff's interest. *Bennett v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 977 F.3d 530, 537 (6th Cir. 2020); *Knight v.*

*Connecticut Dep't of Pub. Health*, 275 F.3d 156 (2nd Cir. 2001).

e.  With respect to Plaintiff's new allegation that her daughter (who was not enrolled in the District) is the one that handed out the religious messages after Plaintiff was told twice to cease her actions, it is well established under Michigan law that a parent is responsible for their child's injurious action. *Muma v. Brown*, 1 Mich. App. 373, 377, 136 N.W.2d 696 (1965), *aff'd*, 378 Mich. 637, 148 N.W.2d 760 (1967). The injury here is the real and present risk of an Establishment Clause violation.

f.  Finally, the District's videos blatantly contradict and utterly discredit Plaintiff's claims that she ceased disseminating the religious messages and that, instead, her daughter did independently. *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024).

7.  Likewise, Plaintiff's Fourteenth Amendment claims under § 1983 fail because:

a.  Count III alleges that same violation as Counts I and II and thus she cannot assert at Fourteenth Amendment claim. *Bole v. Oldham Cnty. Bd. of Educ.*, No. 3:24-CV-51-RGJ, 2024 WL 4151172, at *8 (W.D. Ky. Sept. 11, 2024). Second, and alternatively, like the Title VII and ELCRA claims, Plaintiff fails to identify a similarly situated comparator thereby dooming her claim at the pleading stage. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).

b.  Plaintiff's presumed procedural due process claim in Count VII fails because she lacks a protected property interest in continued employment as an at-will employee. *Eplee v. City of Lansing*, 327 Mich. App. 635, 654;

935 N.W.2d 104 (2019); *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 766 (6th Cir.2010). Even if Plaintiff is not an at-will employee, she had an adequate remedy with a state court breach of contact action, and a Fourteenth Amendment claim is precluded. *Ramsey v. Bd. of Educ. of Whitley Cnty., Ky.*, 844 F.2d 1268, 1273–74 (6th Cir. 1988). Alternatively, she received due process with meetings with her supervisor and Supt. Fleenor where she was provided notice of the charges and the opportunity to relay her side of the issues.

8. Lastly, the District and Supt. Fleenor are both immune from liability for the Wrongful Termination tort claim in Count IX.

9. In compliance with W. D. Mich. LCivR 7.1(d)(i), the Defendant's counsel and the Plaintiff's counsel exchanged emails on May 19, 2026, to discuss this motion and the Defendants' arguments. Plaintiffs' counsel agreed the email exchange met the Local Rule and declined to concur with the relief requested by this motion thereby necessitating this motion.

WHEREFORE the District and Supt. Fleenor respectfully request that the Court grant their motion to dismiss all claims with prejudice.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

DATED: June 15, 2026

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

TRAVIS M. COMSTOCK states that on June 15, 2026, he did serve a copy of

**Defendants' Motion to Dismiss** via the United States District Court electronic transmission which

will provide notice to Plaintiff's counsel at his email address of record.

<div style="margin-left: 45%;">

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorneys for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

</div>